UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DANIEL BARNES, Plaintiff,

v. Civil Action No. 3:16-cv-214-DJH

OFFICER DAVID STRATTON, et al., Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Daniel Barnes asserts several claims pursuant to 42 U.S.C. § 1983 and Kentucky law, arising out of events that occurred during a traffic stop. (Docket No. 1, PageID # 3, 6) A one-year statute of limitations applies to all but one of these claims. This matter is before the Court on Plaintiff's second motion to amend the filing date of his complaint. (D.N. 14) Barnes seeks to avoid the conclusion that he filed the complaint one day past the expiration of the statute of limitations. He alleges that technical difficulties thwarted his attempt to timely file the complaint. However, the Court's Local Rules, General Orders, and website discuss the options a litigant has when faced with filing difficulties. Barnes failed to follow this guidance. Defendants have filed a motion to dismiss, asserting that Barnes's claims are time-barred or otherwise fail to state a claim for relief. (D.N. 18) The Court concludes that the filing was untimely, even when generously construing Barnes's motion as one for equitable tolling. For the reasons set forth below, Plaintiff's motion will be denied and Defendants' motion to dismiss will be granted.

**I. BACKGROUND**

On April 6, 2015, Plaintiff Daniel Barnes was pulled over in LaGrange, Kentucky, by Defendant Officers David Stratton and Kyle Taylor. (*Id.*, PageID # 3) Barnes warned the

1

officers that there was a firearm in the center console of his vehicle. (*Id.*) He claims that one of the officers grabbed his wrists through the open driver-side window while the other officer retrieved the firearm from the passenger side of the vehicle. (*Id.*) The officers ordered Barnes to step out of the vehicle, after which Barnes alleges that he was placed in handcuffs, pushed against the vehicle, kicked in the legs, and searched. (*Id.*) The officers then released Barnes and returned his firearm. (*Id.*) Even though Barnes claims he told the officers he had insurance, Barnes was cited for failure to maintain insurance in violation of Ky. Rev. Stat. Ann. § 304.99-060. (*Id.*) Barnes later appeared in Oldham County District Court, where the charges were dismissed. (*Id.*, PageID # 4)

Barnes alleges that he was "deprived of substantial rights without due process of law, and suffered and continues to suffer severe physical injuries and severe emotional distress" because Defendants "had neither reasonable articulable suspicion, nor probable cause to believe that a crime had been committed when they stopped [him]." (*Id.*) He asserts claims pursuant to 42 U.S.C. § 1983 for unlawful detention and confinement and refusal or neglect to prevent harm, as well as state-law claims of intentional infliction of emotional distress (IIED), malicious prosecution, negligence, gross negligence, and battery. (*Id.*, PageID # 6)

The Court will address Barnes's motion to amend the filing date before addressing Defendants' motion to dismiss.

## II. PLAINTIFF'S SECOND MOTION TO AMEND THE FILING DATE

Barnes filed his complaint on April 7, 2016. (D.N. 1) That same day, Barnes filed a motion to amend the filing date of the complaint. (D.N. 10) The motion asked the Court to change the filing date of the complaint from April 7, 2016, to April 6, 2016. (D.N. 10, PageID # 58) This is because a one-year statute of limitations applies to all but one of Barnes's claims.

Barnes vaguely described a "technical failure" that prevented him from timely filing on April 6. (*Id.*) However, the motion confusingly referred to the wrong plaintiff, as well as certain "motions, proposed orders, and exhibits" instead of the complaint. (*Id.*, PageID # 58) The Court denied this motion without prejudice on May 11, 2016. (D.N. 13)

On May 12, 2016, Barnes filed a second motion to amend the filing date using different counsel. (D.N. 14) In the motion, Barnes states that his former counsel's "law clerk" attempted to electronically file the complaint in the CM/ECF system. (*Id.*, PageID # 67) However, this and subsequent attempts to file the complaint failed. (*Id.*) The error message allegedly received indicated that the documents "could not be uploaded at this time." (*Id.*) In response to these purported technical difficulties, "prior counsel and his clerk determined to contact this Court's Clerk's office the next day to inquire about properly filing the Complaint and about the technical issues that they had encountered." (*Id.*) The second motion goes on to explain the first motion's deficiencies, stating that "in the law clerk's haste, and perhaps even fear of having filed the Complaint late, the motion he filed was improper and incomprehensible." (*Id.*, PageID # 68) The motion does not indicate what time of day counsel attempted to file the complaint. Nor does it indicate why counsel waited until the following day to contact the Clerk's Office. No documentary evidence showing the particular error message received is attached to the motion.

Barnes argues that the Court should permit the Clerk's Office to amend the filing date of the complaint because technical difficulties prevented him from timely filing his complaint on April 6, 2016. (D.N. 14, PageID # 67–68) In this district, Local Rule 5.4 and Section 2 of General Order Number 11-02 require documents to be filed electronically. Parties may look to the Court's General Orders and the ECF User Manual for further guidance on electronic filing. Both of these resources are readily available on the Court's website. General Order Number 11-

02 contains the Amended Electronic Case Filing Administrative Policies and Procedures effective at the time the complaint was filed.[1]

Section 1 of General Order Number 11-02 defines a "Technical Failure" as "a failure of court owned/leased hardware, software, and/or telecommunications facility which results in the inability of a Filing User to submit a filing electronically. Technical failure does not include malfunctioning of a Filing User's equipment." Section 14 discusses Technical Failures in greater detail. A Technical Failure occurs if the CM/ECF site "is unable to accept filings continuously or intermittently for more than one (1) hour occurring after 12:00 noon Eastern Time that day." When a Technical Failure occurs, the Filing User may "submit the document to the clerk of court, provided that the document is accompanied by a certification signed by the Filing User, that the Filing User has attempted to file the document electronically at least twice, with those unsuccessful attempts occurring at least one (1) hour apart after 12:00 noon Eastern Time that day."

Both Section 14 of General Order Number 11-02 and the ECF User Manual found on the Court's website instruct that the initial point of contact for a Filing User experiencing technical difficulties is the ECF Help Desk.[2] Both the User Manual and the Court's website provide the telephone number for the Help Desk and its operating hours.[3] The ECF Help Desk is available Monday through Friday from 8:30 a.m. to 6:00 p.m. Barnes's motion only states that counsel contacted the Clerk's Office. (D.N. 14, PageID # 67) It does not specifically indicate whether

---

[1] General Order 11-02 has since been replaced by General Order 16-03, but the relevant passages remain the same.
[2] ECF USER MANUAL, http://www.kywd.uscourts.gov/content/ecf-user-manual (last visited Mar. 2, 2017).
[3] *Id.*; *E-Filing*, U.S. Dist. Ct. W. Dist. Ky., http://www.kywd.uscourts.gov/e-filing (last accessed Feb. 28, 2017).

counsel contacted the ECF Help Desk, whether any attempt to reach the ECF Help Desk was made, or with whom counsel spoke.

The facts alleged in the motion do not constitute a Technical Failure as defined in General Order Number 11-02. Barnes does not claim that the Court's software or equipment failed. Nor did he comply with the procedures listed in Section 14 that must be followed in the event of a Technical Failure. Therefore, Barnes is not entitled to relief on those grounds. However, if the Filing User does not experience a Technical Failure as defined in Section 14, he still "may seek relief from the Court" if he suffers prejudice due to "unforeseen technical difficulties, such as the malfunctioning of a Filing User's equipment."

Defendants object, arguing that the Court should deny Barnes's motion because he failed to provide any legal authority supporting his motion. (D.N. 19, PageID # 184) Citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002), Defendants assert that Barnes bears the burden of proving he is entitled to the relief he seeks and has not met the required burden. (*Id.*) *Griffin* concerned whether a prisoner's writ of habeas corpus was entitled to equitable tolling. *Griffin*, 308 F.3d at 649. The court discussed two burdens in that case. First, it stated that "the party asserting statute of limitations as an affirmative defense has the burden of demonstrating that the statute has run." *Id.* at 653. Second, it stated that "the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Id.*

Barnes has not argued that he is entitled to equitable tolling, nor did his motion explicitly request such relief. Barnes asks the Court to "permit the Clerk of this Court to amend the filing date." (D.N. 14, PageID # 68) However, Section 4 of General Order Number 11-02 and Local Rule 5.6 both state that a document filed electronically is "deemed filed on the date and time stated on the Notice of Electronic Filing." Barnes has not provided any legal authority in support

5

of his requested relief. In the absence of such authority and in light of the Local Rules, the Court will instead consider Barnes's motion in the context of equitable tolling, just as other courts have done in similar circumstances when a complaint is filed after the statute of limitations expires. *See, e.g.*, *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 48 (6th Cir. 2008); *Baker v. Comm'r of Soc. Sec.*, No. 09-10507, 2010 WL 742616, at *1 (E.D. Mich. Feb. 26, 2010).

"Federal courts sparingly bestow equitable tolling." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000). The Court must consider the following factors when determining whether equitable tolling should apply: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Kellum*, 295 F. App'x at 49 (quoting *Cook v. Comm'r of Soc. Sec.*, 480 F. 3d 432, 437 (6th Cir. 2007)). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, *a court should not extend limitations by even a single day*." *Graham-Humphreys*, 209 F.3d at 560–61 (emphasis added).

The first two factors concern actual and constructive knowledge of the filing requirement. In this case, there is no indication that Barnes lacked actual knowledge of the filing deadline. To the contrary, the very nature of the motion to amend the filing date and the fact that the motion acknowledges that the complaint was not timely filed suggest that Barnes and his counsel were well aware of the applicable statute of limitations. (*See* D.N. 14, PageID # 68)

6

Nor was Barnes diligent in pursuing his rights, which is the third factor the Court must consider. The incidents alleged in the complaint took place on April 6, 2015. (D.N. 1, PageID # 6) Barnes had one year from that date to timely file his complaint. Waiting until the day before the statute of limitations expires does not reflect diligence in pursuing his rights. Even if counsel encountered technical difficulties as the motion claims, he waited until the following day to contact the Clerk's Office about those issues and provides no explanation for the delay. (D.N. 14, PageID # 67) Even though Local Rule 5.4 and Section 2(b) of General Order Number 11-02 require all filing to be accomplished electronically, there are exceptions to this rule. Section 3(e) of General Order Number 11-02 states that "[e]xemptions from mandatory electronic filing may be granted upon submission of a written request to the clerk. The written request shall include a supporting affidavit showing a substantial undue hardship."

Further, the Court's website indicates that electronic filing is not the only means to file a complaint. Complaints may be filed through the Clerk's Office by mail, in person, or via the after-hours drop box located outside the courthouse. The Court's website has a page entitled "After Hours Filing," which states:

> Documents may be e-filed via CM/ECF 24 hours per day by those with a login and password. While the Clerk's Office will accept[] documents sent to it for filing by regular mail or in person, the [] Clerk's Office additionally maintains after-hour[s] drop boxes which are located outside of each of its courthouses. The contents of all drop boxes are collected on the morning of each working day and any document deposited therein will be stamped "filed" on the date of the preceding business day.[4]

---

[4] *After Hours Filing*, U.S. Dist. Ct. W. Dist. Ky., http://www.kywd.uscourts.gov/after-hours-filing (last visited Feb. 27, 2017).

Barnes did not have to wait until April 7, 2016, to contact the Clerk's Office about the technical issues with CM/ECF. The complaint could have been timely filed in person at the Clerk's Office or left in the after-hours drop box.[5]

The fourth factor the Court must consider is the absence of prejudice to Defendants. Here, permitting the filing of a late complaint would prejudice Defendants. Statutes of limitations are intended to assure fairness to Defendants and "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Dunleavy v. Local 1617, United Steelworkers of Am.*, 814 F.2d 1087, 1090 (6th Cir. 1987) (quoting *Burnett v. N.Y. Cent. R.R.*, 380 U.S. 424, 428 (1968)).

The final factor concerns the petitioner's reasonableness in remaining ignorant of the filing requirements. This factor weighs against Barnes as well. First, his motion indicates an awareness of the statute of limitations. Second, he offers no excuse for ignoring the applicable rules governing filing in this district. According to Section 3(c) of General Order Number 11-02, by registering with CM/ECF, "the Filing Users certify that they have read and are familiar with the rules of practice of the court and the administrative policies and procedures governing electronic filing." Blaming a law clerk, as counsel does in the motion, excuses neither the delay nor ignorance of the Court's policies and procedures. The Kentucky Rules of Professional Conduct make clear that a lawyer is responsible for the conduct of nonlawyers that he or she

---

[5] Other courts have also deemed filings timely that were submitted to the clerk's office via facsimile or email. *See, e.g.*, *Farley v. Koepp*, 788 F.3d 68 (7th Cir. 2015) (finding that a complaint was timely filed on the date it was emailed to the clerk even though the filing fee was paid after the statute of limitations period elapsed); *Cornett v. Weisenburger*, 454 F. Supp. 2d 544 (W.D. Va. 2006) (finding that complaint was timely filed when it was sent to the clerk's office via facsimile, even though the filing fee was paid after the statute of limitations period elapsed).

employs, and this includes ensuring that a nonlawyer's conduct is "compatible with the professional obligations of the lawyer." SCR 3.130(b).

Based on the Court's analysis of the above factors, equitable tolling does not apply here. The Court is further persuaded by the decisions of other courts that have refused to permit late filings despite alleged technical difficulties. In *University of Cincinnati v. Benz Engineering Co.*, the court denied the defendant's motion to extend the date for filing its notice of removal. *See* No. 1:08-cv-654, 2008 WL 5378352, at *1 (S.D. Ohio Dec. 22, 2008). In that case, the defendant was served with the plaintiff's complaint on August 22, 2008. *Id.* Pursuant to 28 U.S.C. § 1446(b), the defendant had thirty days from the date of service to remove the action to federal court. *Id.* The defendant filed a notice of removal in state court on September 22, 2008, but no notice of removal was filed in federal court. *Id.* On September 23, 2008, the defendant filed a motion for extension of time to file the notice of removal in federal court, stating that technical difficulties with the CM/ECF registration process delayed the timely filing of the notice of removal. *Id.*

The court rejected the defendant's argument that "a 'technical failure' attributable to the Court's policies and procedures, or to the CM/ECF system" was responsible for the defendant's untimely filing. *Id.* at *4. There were no facts to suggest there was a CM/ECF system failure. *Id.* at *3. Further, the applicable local rules and resources available on the court's website were fair and provided sufficient guidance on the electronic filing process, including time-sensitive filings. *See id.* at *3–*4. The court determined that, like Barnes, "counsel waited until the last minute to attempt to electronically file a case-initiating document." *See id.* at *3.

In *Baker v. Commissioner of Social Security*, the plaintiff sought review of a decision denying her deceased brother's application for social security disability benefits. *See* 2010 WL

9

742616, at *1. The defendant moved to dismiss the action as untimely. *Id.* After receiving notice that the agency made a final decision, an individual has sixty days to seek review of that decision in federal district court. *Id.* at *2 (quoting 42 U.S.C. § 405(g)). However, the plaintiff in *Baker* commenced her action within sixty-one days of receiving notice, claiming that technical difficulties prevented her from timely filing. *Id.* at *3.

The court first determined whether the Eastern District of Michigan's Local Rule 13, which contains the district's electronic filing policies and procedures, provided the plaintiff relief. *Id.* at *4. Under that rule, in the event of a technical failure of the court's equipment, individuals are required to submit an affidavit of their attempts to electronically file and submit their filing via email or electronic filing the next business day if operational. *Id.* If the individual's own equipment fails, he may seek appropriate relief from the court. *Id.* The plaintiff in *Baker* alleged no failure of the court's equipment, instead claiming that her own computer had technical difficulties. *Id.* However, the court concluded: "She has not provided any indication that the matter was promptly brought to the attention of the court's IT department and she did not seek any appropriate relief from the court regarding the delayed filing. No affidavit was submitted either at the time or here. Rule 13 provides no basis for relief." *Id.* Further, the court determined that the plaintiff failed to demonstrate good cause or any equitable basis for tolling, particularly due to her "pattern and practice of ignoring deadlines, untimely filings before the agency, and failing to properly advise the agency of changes in the circumstances of the case." *Id.* at *5.

Similarly, in *Kellum*, the Sixth Circuit affirmed the district court's decision to dismiss the plaintiff's untimely complaint. 295 F. App'x at 48. As this was also an action to review a decision denying disability benefits, the plaintiff had sixty days from his receipt of the decision

10

denying benefits to seek review in federal district court. *Id.* The plaintiff had until December 6, 2006 to file his complaint. *Id.* On that date, counsel filed a complaint electronically, but did not supply a valid credit card number until December 11 for payment of the filing fees. *Id.* The applicable rules for electronic filing required the user to keep credit card information current, as "failure to pay any filing fee may delay or prevent the E-Filer from filing the document for which a filing fee is due." *Id.* at 49. As a result of this failure to comply, the complaint was not date-stamped until December 11 when the fees were paid. *Id.*

The *Kellum* court determined that the plaintiff was not entitled to equitable tolling for two reasons. First, the plaintiff failed to argue that the late filing "was caused by any extraordinary circumstances beyond his control." *Id.* at 50 (citing *Graham-Humphreys*, 209 F.3d at 560–61). The Sixth Circuit pointed out that the late filing was caused by "two events, each of which was well within his control: (1) his decision to wait until the last possible day to file his complaint, and (2) his failure to provide accurate credit card information for fee purposes." *Id.* Second, the plaintiff made no arguments "as to how he acted diligently in pursuing his rights." *Id.* at 51. This is because four days elapsed before the error was corrected and the filing fees were paid. *Id.*

Barnes has failed to show that the delay in filing his complaint arose from circumstances beyond his control, and he provides no other compelling reason to toll the statute of limitations. Moreover, even if Barnes encountered technical difficulties, the Court's rules and policies provided for reasonable alternatives. Barnes failed to avail himself of these alternatives and offers no reasonable explanation for his failings. Therefore, with all factors weighing against him, the Court concludes that Barnes is not entitled to equitable tolling.

**III. DEFENDANTS' MOTION TO DISMISS**

On June 17, 2015, Defendants filed a motion to dismiss this action pursuant to Rules 12(c) and 12(b)(5) of the Federal Rules of Civil Procedure, or, alternatively, for summary judgment pursuant to Rule 56(a). (D.N. 18, PageID # 79) As Defendants point out, all but one of Barnes's claims have a one-year statute of limitation. (*Id.*) These claims are based on an incident that occurred on April 6, 2015, but the complaint was not filed until April 7, 2016, over one year after the alleged incident took place. (*Id.*) Therefore, Defendants argue that all of Barnes's claims are time-barred except the claim for IIED. (D.N. 18-1, PageID # 83) Defendants argue that the IIED claim still fails as a matter of law. (*Id.*, PageID # 85) Barnes failed to file a response to the motion.

"[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same." *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007). In order to overcome such motions, a plaintiff must allege facts that, if accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 630 (6th Cir. 2013) (alteration in original) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 679). "The pleading standard Rule 8 announces does not require 'detailed factual allegations.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 544). But "[a] pleading that only offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"[A] Rule 12(c) motion, which considers only the allegations in the complaint, is often an inappropriate vehicle for dismissing a claim based on the statute of limitations. . . . But, when the complaint's allegations affirmatively show that a claim is time-barred, as they do here, judgment on the pleadings under Rule 12(c) is appropriate." *Stoner v. Percell*, No. 3:13-cv-762-CRS, 2014 WL 6611557, at *3 (W.D. Ky. Nov. 20, 2014) (citing *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)).

In Counts I and II of the complaint, Barnes asserts two claims pursuant to 42 U.S.C. § 1983. (D.N. 1, PageID # 7, 9) In Kentucky, § 1983 actions are subject to the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). A claim under § 1983 accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). In cases alleging Fourth Amendment violations brought pursuant to § 1983, the statute of limitations begins to run on the date that the alleged constitutional violations occurred. *See Wallace v. Kato*, 549 U.S. 384 (2007).

In this case, the § 1983 claims arose out of police conduct that occurred during a traffic stop on April 6, 2015. (D.N. 1, PageID # 6) Barnes knew or should have known of the injury that forms the basis of his claims on that date. Therefore, the statute of limitations began to run on April 6, 2015. Barnes did not file his complaint until April 7, 2016. On its face, the complaint affirmatively shows that these claims are time-barred. Therefore, dismissal is appropriate. *See Cataldo*, 676 F.3d at 547.

Counts IV–VII, which assert various state-law tort claims, are time-barred for the same reasons. Count IV contains a claim for malicious prosecution, which is governed by the one-year statute of limitations provided by Ky. Rev. Stat. § 413.140(1)(c). Count V of the complaint

contains a claim for negligent hiring and supervision against the City of LaGrange, the LaGrange Police Department, and Chief Frank Conway. (D.N. 1, PageID # 13) It also contains a claim for negligence against the officers. (*Id.*, PageID # 14) These claims are subject to the one-year statute of limitations for personal injury provided by Ky. Rev. Stat. § 413.140(1)(a). The same is true of the gross negligence claim asserted in Count VI of the complaint and the battery claim asserted in Count VII. (*Id.*, PageID # 14, 16)

On page six of the complaint, Barnes lists nine separate claims. (*Id.*, PageID # 6) This list includes an assault claim and a false-imprisonment claim, but the complaint contains no separate counts alleging either assault or false imprisonment. Nor are the elements of those torts alleged anywhere else in the complaint. Even if the complaint could be read to construe an assault or false-imprisonment claim, those claims would also be time-barred because both assault and false imprisonment are governed by the same one-year statute of limitations provided by Ky. Rev. Stat. § 413.140(1). *See Dunn v. Felty*, 226, S.W.3d 68, 70 (Ky. 2007).

The IIED claim in Count III of the complaint is not time-barred but must also be dismissed. Barnes asserts that Defendants acted "intentionally and/or recklessly" and their conduct was "outrageous and extreme." (D.N. 1, PageID # 12) Barnes claims he suffered severe emotional distress as a direct result of Defendants' conduct. (*Id.*, PageID # 12) This particular tort has a five-year statute of limitations. Ky. Rev. Stat. § 413.120(6); *Bennett v. Malcomb*, 320 S.W.3d 136, 137 (Ky. Ct. App. 2010). However, Defendants correctly argue that this claim fails as a matter of law because a plaintiff may only assert a claim for IIED when a traditional common law tort is unavailable for the plaintiff to recover for emotional distress. (D.N. 18-1, PageID # 85). A claim for IIED, or outrage,

> is intended as a "gap-filler[,"] providing redress for extreme emotional distress where traditional common law actions do not. Where an actor's conduct amounts

14

> to the commission of one of the traditional torts such as assault, battery, or negligence for which recovery for emotional distress is allowed, and the conduct was not intended only to cause extreme emotional distress in the victim, the tort of outrage will not lie. Recovery for emotional distress in those instances must be had under the appropriate traditional common law action.

*Banks v. Fritsch*, 39 S.W.3d 474, 481 (Ky. Ct. App. 2001) (citing *Brewer v. Hillard*, 15 S.W.3d, 7–8 (Ky. Ct. App. 1999); *Rigazio v. Archdiocese of Louisville, Ky.*, 853 S.W.2d 295, 299 (Ky. Ct. App. 1993)); *see also Doe v. Suroor*, No. 3:05-cv-728-H, 2007 WL 1651993, at *1 (W.D. Ky. June 6, 2007). Barnes asserts claims for both battery and negligence, and he specifically sought relief for emotional distress stemming from the alleged battery. (D.N. 1, PageID # 13–16) The only way a plausible claim for IIED can exist here is if Defendants' conduct was intended only to cause Barnes extreme emotional distress. *See Banks*, 39 S.W.3d at 481. However, nowhere in the complaint does Barnes allege that the Defendants' conduct was intended only to cause him emotional distress. Therefore, Barnes fails to state a plausible claim for IIED, and Count III must also be dismissed.

## IV. CONCLUSION

Barnes has not demonstrated that he is entitled to any relief regarding his untimely complaint. The complaint was filed after the statute of limitations elapsed on all claims except the IIED claim. Even though the IIED claim is not time-barred, it fails to state a plausible claim for relief. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Plaintiff's motion to amend the filing date (D.N. 14) is **DENIED**.

(2) Defendants' motion to dismiss (D.N. 18) is **GRANTED**. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

March 7, 2017

David J. Hale, Judge
United States District Court